# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WANDA TOLLESON, as executor for the estate of RICHARD TOLLESON and AVIATION WEST CHARTERS, LLC d/b/a ANGEL MEDFLIGHT, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-2055 |
| KRAFT FOODS GLOBAL, INC. RETIREEE HEALTH AND LIFE BENEFITS PLAN and KRAFT HEINZ FOOD COMPANY, | ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Wanda Tolleson, as executor for the estate of her late husband Richard Tolleson ("Tolleson"), and Aviation West Charters, LLC d/b/a Angel Medflight (collectively "Plaintiffs") filed a complaint against Kraft Foods Global, Inc. Retiree Health and Life Benefits Plan ("the Plan") and Kraft Heinz Food Company (collectively "Defendants"), alleging Defendants are denying them benefits to which they are entitled in violation of the Employee Retirement Income Security Act ("ERISA"). Defendants move to dismiss on the grounds that Plaintiffs failed to exhaust their administrative remedies, or in the alternative, that the claim is time-barred by the one-year statute of limitations set forth in the Plan. The Court denies the motion.

**Background**

In January 2014, Richard Tolleson suffered a back injury while on a trip and was hospitalized in California. (Dkt. 1 ¶ 12.) While hospitalized, he contracted pneumonia, which prolonged his hospitalization. (*Id.* ¶ 14.) Because of his fragile condition, air-ambulance services were required to transport Tolleson back to his home state of Wisconsin in February 2014. (*Id.* ¶ 16.)

Plaintiffs submitted a claim for the air-ambulance services to Aetna, the health benefits administrator for the Plan. (*Id.* ¶¶ 5, 17.) On May 15, 2014 Aetna denied the claim on the grounds that the Plan covers professional ambulance services only in emergency situations ("claim denial"). (*Id.* ¶¶ 17, 20.) Plaintiffs appealed the claim denial 184 days later, on November 15, disputing that such a limitation exists in the coverage for ambulance services ("initial appeal"). (*Id.* ¶ 20.) Aetna rejected the initial appeal as untimely because the Plan requires appeals be submitted within 180 days of the claim denial ("initial appeal determination"). (*Id.*) Plaintiffs disputed the finding of untimeliness, arguing that pursuant to the Plan the claim denial was not deemed delivered until 10 days after it was dated ("second appeal"). (*Id.* ¶¶ 20, 21.) Aetna declined to reconsider its determination of untimeliness ("second appeal determination"). (*Id.* ¶ 21.) Plaintiffs then filed suit on February 9, 2016. Six weeks later, on March 22, 2016, Aetna issued a determination of Plaintiffs' appeal on the merits ("March 2016 determination"), upholding the claim denial because "the medical necessity for transport to Wisconsin" was not established. (Dkt. 20-1 at 6.)

The complaint did not state the dates of the initial appeal determination, the second appeal, or the second appeal determination. However, Plaintiffs provided these dates in their response to the motion to dismiss (January 23, March 13, and May 13, 2015, respectively), and attached both determinations as exhibits. (Dkts. 24 at 5, 24-1, 24-2.)

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts and all reasonable inferences derived therefrom, accepted as true and viewed in the light most favorable to the plaintiff, state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). On a motion to dismiss under Rule 12(b)(6), the court must consider the facts alleged in the complaint, as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it[,] … information that is subject to proper judicial

notice" and additional facts set forth in the plaintiff's brief opposing the motion to dismiss "so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.,* 714 F.3d 1017, 1019–20 (7th Cir. 2013). Facts alleged in a complaint are accepted as true except when contradicted by an exhibit that the court is allowed to consider on a 12(b)(6) motion. *Id.*

**Discussion**

*Exhaustion of Administrative Remedies*

In ERISA cases, failure to exhaust administrative remedies is an affirmative defense. *Gallegos v. Mount Sinai Med. Ctr.,* 210 F.3d 803, 808–09 (7th Cir. 2000). Because "complaints need not anticipate or attempt to defuse potential defenses", granting a motion to dismiss based on an affirmative defense is only proper where the plaintiff has pled himself out of court by "alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003). Furthermore, because exhaustion is not statutorily required under ERISA, the district court has discretion to excuse entirely a failure to exhaust. *In re Household Int'l Tax Reduction Plan*, 441 F.3d 500, 502 (7th Cir. 2006). The purpose of requiring exhaustion is not to "place a meaningless procedural hurdle in front of plaintiffs" but rather to encourage "claimants to pursue private remedies and develop a proper administrative record before entering federal court." *Gallegos*, 210 F.3d at 809. Although requiring exhaustion is the "favored" approach, failure to exhaust may be excused if there is a lack of meaningful access to review procedures or if exhaustion would be futile. *Stark v. PPM Am., Inc.*, 354 F.3d 666, 671 (7th Cir. 2004).

Defendants argue that Plaintiffs' complaint fails to allege that they filed a "second level appeal", which is a required step of administrative exhaustion under the Plan. Viewing the complaint in the light most favorable to Plaintiffs, the allegation that Plaintiffs disputed the finding of untimeliness permits the reasonable inference that they submitted a second level appeal. (Dkt. 1 ¶ 21.) Plaintiffs have alleged that they appealed the denial of benefits, and then challenged the determination that

3

such appeal was untimely. Defendants have not explained why this second appeal does not qualify as a "second level appeal" under the Plan, and none of the relevant documents indicate there was something more Plaintiffs were required to do in order to exhaust their administrative remedies.

Defendants' other argument—that Plaintiffs' needed to appeal the March 2016 determination in order to exhaust—is preposterous. When Plaintiffs filed suit, they had already received two determinations that their appeal was untimely, both of which stated they were final. Neither of those determination letters gave Plaintiffs any indication that Aetna might decide on its own to consider the merits of the appeal at some later date. Likewise, the Plan itself does not put Plaintiffs on notice that after receiving two determinations of untimeliness, they should expect that the insurer might change its mind and conduct a substantive review of their claim. The March 2016 determination was issued *one year and four months* after Plaintiffs submitted their appeal, missing the 30 day deadline under the Plan for deciding an appeal by a fifteen-fold margin. Plaintiffs simply had no way of knowing the March 2016 determination would occur and therefore that they should wait for it and administratively appeal it before filing suit. If the Court were to adopt Defendants' argument, a plaintiff would have no way of knowing when it exhausted its administrative remedies, because an insurer could decide to reopen review of a claim denial at any time, even after telling the insured the matter was closed. Nonetheless, *if* appealing the March 2016 determination was a required step of administrative exhaustion, Plaintiffs are excused for having failed to complete it. Defendants denied meaningful access to that step by failing to timely undertake the substantive review, or even timely notify Plaintiffs that a substantive review of their claim denial was forthcoming.

In denying Defendants motion to dismiss, this Court is holding that Defendants cannot use the March 2016 determination to require an additional administrative appeal where Plaintiffs allege they administratively challenged the claim denial twice before filing suit. Plaintiffs have not pleaded themselves out of court on failure to exhaust. However, this ruling does not foreclose the possibility

that Defendants might prevail at a later stage in the proceedings in showing that Aetna's initial and second determinations of untimeliness were correct.

*Statute of Limitations*

Because the complaint did not provide the date of the second appeal determination, which is necessary to determine whether it complaint was timely, Defendants ask the Court to *assume* the date of the determination based on the Plan requirements and find the complaint was time-barred. The Court cannot dismiss a complaint based on assumed facts that are offered by the Defendants and are unsupported by any exhibit. Nor can the Court penalize Plaintiffs for failing to allege dates that show the complaint was filed within the statute of limitations. To do so would be contrary to the standard for 12(b)(6) motions to dismiss. Similar to administrative exhaustion, the statute of limitations is an affirmative defense that Plaintiffs did not need to "anticipate and overcome" in their complaint. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Defendants in their reply take issue with Plaintiffs providing the date of the appeal determinations in their response brief, arguing that Plaintiffs cannot rely on new facts that were not set forth in the complaint. Defendants are incorrect. The Seventh Circuit permits plaintiffs to set forth additional facts set forth in a brief opposing the motion to dismiss "so long as those facts are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.,* 714 F.3d 1017, 1019–20 (7th Cir. 2013). Defendants also pivot on their prior contention that the statute of limitations period "begins to run on the date of the last available level of appeal." Plaintiffs having shown that the last appeal determination was less than a year from the date the suit was filed, Defendants argue that Plaintiffs failed to meet the statute of limitations because *the claim denial* was issued in May 2014, almost two years before Plaintiffs filed suit. The Court is at a loss to understand why the original claim denial

5

should be the triggering event if the Plan provides that the statute of limitations period begins to run upon the final appeal determination, and Defendants offer no helpful explanation.

For the reasons stated above, Defendants' motion to dismiss [18] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: August 23, 2016